PEOPLE, PLAINTIFF AND APPELLEE, *v.* MAYMÓN, DEFENDANT AND
APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecu-
tion for Violation of a Municipal Ordinance.

No. 934.—Decided June 6, 1916.

COMPLAINT—KNOWLEDGE OF FACTS BY COMPLAINING PARTY—ARREST.—According
to section 22 of the Code of Criminal Procedure, it is not necessary to allege
in a complaint that the complaining witness knows the facts of his own
knowledge or on information which he believes to be true or because he
arrested the accused.

ID.—MUNICIPAL ORDINANCE—OBSTRUCTION OF STREET—PUBLIC EXHIBITION.—A
complaint for violation of the ordinance of the municipality of Mayagüez
of July 27, 1915, charging the accused with having caused the obstruction
of a certain street where the public congregated on account of a cinemato-
graphic show, which he exhibited from the balcony of a theatre upon a screen
placed at the corner of the street, alleges facts constituting an offense.

OBSTRUCTION OF STREET—PUBLIC EXHIBITION.—The object of the Mayagüez
municipal ordinance of July 27, 1915, is to prevent the congregation of people
in the streets, and the purpose of section 2 is to prohibit public exhibitions
which necessarily produce such result.

ID.—ID.—CONSTITUTION—RIGHTS OF PEOPLE.—The said ordinance does not vio-
late the Constitution of the United States nor the Act defining the rights of
the people passed by the Legislative Assembly of Porto Rico on January
27, 1902, because it does not forbid the public the free use of the streets,
but regulates that right so that its exercise may not be prevented by certain
persons or corporations.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

There is in force in the city of Mayagüez a municipal
ordinance enacted for the purpose of prohibiting the ob-
struction of public transit on the streets and sidewalks,
which ordinance, after stating that there are complaints of
the occupancy of the streets by numerous persons in order
to witness public exhibitions given without charge by cer-
tain managers of theaters, thus obstructing the passage of
others and of automobiles, carriages, etc., by its first section
prohibits any person, company, committee or corporation

from obstructing the free use of the streets and sidewalks in any manner or for any purpose by day or night. In order to enforce compliance with the provisions of said section, section 2 prohibits public exhibitions in all places where the spectators cannot witness them within some theater, circus, square, park or private building, and section 3 fixes the penalty for the violation of the ordinance.

Francisco Maymón was charged with the violation of the said ordinance by a police officer who alleged that the former gave a public exhibition in one of the streets of Mayagüez, consisting in showing various film pictures projected from the Yagüez Theater on McKinley Street to a screen placed on the upper story of the establishment of Santiago Panzardi, which is on the corner of the said street, the spectators being unable to view the same within any theater, circus, square, park, or private building, whereby the exhibition caused the public to congregate in the street and obstruct the free transit.

From the judgment of conviction rendered by the district court the defendant took this appeal and alleges that the information is insufficient and does not state facts constituting an offense.

In the case of *The People* v. *Nochera,* 23 P. R. R. 561, in disposing of the same question raised by the appellant as to the insufficiency of the complaint, we said that section 22 of the Code of Criminal Procedure does not require that the person who makes the complaint shall state therein that he knows the facts of his own knowledge or upon information which he believes to be true or because he arrested the accused.

Nor does the complaint contain the other defect assigned, for a simple perusal of it shows that it charges the appellant with a violation of the said ordinance in that he caused the obstruction of McKinley Street, where the public congregated in consequence of a cinematographic show thrown from the

balcony of the Yagüez Theater upon a screen placed at the corner of the street.

The evidence is not insufficient to support the judgment, for it proved the facts related therein, and although the appellant called witnesses to show that some persons viewed the exhibition from a certain place in the theater and from the balcony of a private residence, this does not disprove the fact established by the *fiscal* that all the persons who witnessed the exhibition could not do so within a theater, circus, square, park or private building, but that they assembled in the street and obstructed the transit, which is what is prohibited by the said ordinance. The object of the ordinance is to prevent the gathering of people in the streets and the purpose of section 2 is to prohibit public exhibitions which necessarily produce such a result, as in this case.

Finally, the ordinance is not in conflict with the Constitution of the United States or the Act to define the rights of the people enacted by our Legislative Assembly on February 27, 1902, for it does not prohibit the free use of the streets by the people, but only regulates that right so that it shall not be disturbed by certain persons or corporations.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.